[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13715

Non-Argument Calendar

_____

TEC SERV, LLC,
a Florida Limited Liability Company,
JOHN R. TOSCANO, INC.,
a Florida corporation,

Plaintiffs-Counter
Defendants,

MICHAEL ALAN CRABB,
individually,

Defendant-Third Party Plaintiff-
Counter Claimant-Appellant,

*versus*

JOHN TOSCANO,
MARILYN TOSCANO,

Third Party Defendants-
Counter Defendants-Appellees,

A DESIGN AT SUNNINGHILL, INC.
a Florida Corporation,

Defendant-Third Party
Plaintiff-Counter Claimant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:11-cv-62040-WPD

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

In 2015, we remanded this case for the district court to determine the amount of expenses and reasonable attorneys' fees for the services of John and Marilyn Toscano's (collectively, the Toscanos) attorneys in successfully defending Michael Crabb's claims

against them in their individual capacities.   Crabb now appeals from the district court's award.  Upon review,[1] we affirm.

## I. BACKGROUND

Our earlier opinion more fully recounted the procedural history of this case, but in short, John Toscano formed a company, John R. Toscano, Inc. (JRTI), which hired Crabb as an engineer. The Toscanos and Crabb formed another company, Toscano Engineering and Construction Services, LLC (TEC Serv), and entered into the TEC Serv Members' Agreement (the Agreement).   After their business relationship deteriorated, Crabb sued TEC Serv and the Toscanos.  TEC Serv and JRTI, in turn, filed a separate 16-count suit against Crabb, and Crabb filed a 13-count counterclaim and third-party complaint against TEC Serv, JRTI, and the Toscanos in their individual capacities.

Following a 12-day bench trial, the district court found in favor of TEC Serv on one claim but rejected the other claims of all parties, observing "the outcome to the parties' disputes should be a wash."  The court noted TEC Serv would owe Crabb unpaid salary, retained earnings, and profit distributions, but any such funds

---

[1] We review a district court's award of attorneys' fees and costs for an abuse of discretion.  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).  "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact."  *Id.* "This standard necessarily implies a range of choices."  *Id.*

were not due until July 11, 2013—a month after the district court's final order was entered.  "Although perhaps dicta" to its order, the district court would have found that amount to be $286,764.00.

After entry of judgment, TEC Serv, JRTI, and the Toscanos jointly moved for attorneys' fees and costs as prevailing parties based on the terms of the Agreement.  In the prior appeal, we agreed with the district court that TEC Serv and JRTI were not prevailing parties because they had lost on all but one of their claims.  However, we vacated the district court's order because the Toscanos, who are legally separable from TEC Serv, did not bring any claims against Crabb and, instead, prevailed on every claim brought against them.  Accordingly, we concluded that the Toscanos, as separate third-party defendants, were prevailing parties entitled to attorneys' fees under the Agreement.  We also granted the Toscanos' request for appellate attorneys' fees as to entitlement and transferred the matter for the district court to determine the amount of the award.

On remand, the Toscanos promptly sought a determination on appellate attorneys' fees, and the district court awarded the Toscanos $24,466.25.  The court further awarded $2,800 in attorneys' fees incurred in securing the award of appellate fees.

The Toscanos did not immediately seek a determination on the trial level attorneys' fees.  Instead, they waited five years after our mandate issued to move for entry of judgment on the appellate fees award and for an award of attorneys' fees, accounting fees, and costs at the trial level based on our opinion on appeal.

Crabb opposed the Toscanos' motion for trial attorneys' fees.[2]  In her first report and recommendation (R&R), the magistrate judge agreed with Crabb, recommending the district court deny the motion as untimely and for failure to comply with local rules.  The magistrate judge also stated the Toscanos failed to supplement their motion with a computation of legal fees and expenses separately attributable to the Toscanos' defense in their individual capacities, which supported a finding that no additional work was needed to defend the Toscanos.

The district court, however, sustained the Toscanos' objection to the R&R, explaining it should have considered the trial attorneys' fees motion following remand and determined the reasonable amount due without a new motion by the Toscanos.  The court also rejected the argument that our remand order intended for the district court to determine only the fees and costs "separate and apart" from TEC Serv's fees and costs.  The district court referred the trial fees matter back to the magistrate judge.

The court separately granted the Toscanos' motion for a separate judgment on appellate attorneys' fees.  The court was "unpersuaded by Crabb's argument that he can ignore the legal validity of and fail to pay the Toscanos [the awarded appellate fees] based upon the Court's finding of fact in its June 11, 2013

---

[2] Crabb also opposed entry of judgment on the appellate attorneys' fees, but he does not challenge the appellate fees award on appeal.

Order that TEC Serv would owe Crabb $286,764.00 two years after his termination, on a future date which had not yet occurred."

The magistrate judge directed the parties to identify any unobjected to fees and costs, any undisputed amounts, and which time entries on the submitted invoices related to the breach of contract claims against the Toscanos. Following a hearing, the magistrate judge directed the parties to identify the number of counts in Crabb's third-party complaint against the Toscanos, the electronic filing number of the Toscanos' specific request for fees and costs, and the parties' positions on claimed costs pursuant to 28 U.S.C. § 1920.

In her second R&R, after detailing the parties' extensive submissions and noting that "[n]either party has suggested any definitive method for assessing the cost of the Toscanos' defense," the magistrate judge found "a reasonable amount for the fees and accounting expenses is $250,000.00, or approximately 25% of the total amount claimed." The magistrate judge also found the total taxable costs to be $6,927.44.

On *de novo* review, the district court overruled Crabb's objections to the second R&R, stating the magistrate judge had "carefully examined the record, billing statements, required numerous additional submissions by the parties, and held several oral arguments on the issues to determine a reasonable amount of costs, expenses and attorneys' fees." The court reiterated the Toscanos' motion was not procedurally barred and approved a total of $256,927.44 in attorneys' fees, account expenses, and taxable costs.

21-13715                Opinion of the Court                7

## II. DISCUSSION

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). This lodestar calculation provides "an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Crabb did not challenge the hourly rate in the district court or on appeal, so the question is how much of counsel's time was reasonably spent defending Crabb's claims against the Toscanos while also prosecuting TEC Serv's claims against Crabb.[3]

The district court did not err in rejecting the Toscanos' full request for over $1 million in attorneys' fees and accounting expenses which would have included all the fees incurred while prosecuting TEC Serv's claims. As we explained previously, only the Toscanos were prevailing parties entitled to attorneys' fees.

Based on the parties' submissions, the magistrate judge stated there were $45,398 of billing entries which refer to claims against the Toscanos of which $16,889 relate solely to the

---

[3] Crabb generally objects to the total award of $256,927.44, but his brief on appeal does not meaningfully challenge the award of $6,927.44 in taxable costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) (explaining issues not raised in briefing on appeal are abandoned).

Toscanos.  As the magistrate judge explained, however, those figures were insufficient to approximate the actual cost of defending the Toscanos against Crabb's claims because they did not include many tasks, such as attending trial and reviewing discovery, which "clearly applied to the defense of the Toscanos."

We have recognized "the utility of across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" where a fee motion is voluminous. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  Moreover, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *See Hensley*, 461 U.S. at 435.  Allowing the district court discretion in determining the amount of a fee award "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.* at 437.

The magistrate judge clearly spent considerable time and effort hearing, recounting, and reviewing the parties' arguments, briefs, and supplemental submissions.  After considering all of this, she found that "$250,000.00, or approximately 25% of the total amount claimed," was a reasonable amount for the fees and accounting expenses.  Judge Dimitrouleas—the same district judge who presided over the 12-day bench trial in this case—conducted a *de novo* review of the record and agreed that $250,000 was reasonable.

The record also supports the $250,000 award. The Toscanos would have had to attend the bench trial regardless of whether they were represented by the same counsel as TEC Serv and discovery for defending TEC Serv also benefited the Toscanos. It does not matter that fewer than all of Crabb's counterclaims were directed solely at the Toscanos because, as we noted previously, in denying the Toscanos' motion for summary judgment, the district court highlighted that the Toscanos had signed the Agreement as individuals and could have been held personally liable for any damages Crabb sustained as a result of their alleged breach.

In their status report, the Toscanos identified somewhat overlapping categories of fees, including over $60,000 for trial attendance, over $120,000 for discovery, nearly $170,000 in accounting fees, and over $350,000 in attorneys' fees related to accounting fees. While not all of these fees were directly attributable to the defense of the Toscanos, "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. Under the circumstances, the $250,000 award was not an abuse of discretion.[4]

Crabb contends the district court abused its discretion by failing to consider his argument for a downward adjustment based

---

[4] In their response brief, the Toscanos assert they were entitled to, at least, the attorneys' fees and accounting fees that were unobjected to during the original fees proceedings more than eight years ago, which total nearly $400,000. But they did not cross appeal from the award, and, in any event, $250,000 was a reasonable award.

on the results obtained and other equitable factors. Crabb's argument fails both because the district court considered and rejected these arguments and because the district court did not abuse its discretion in doing so.

First, it is the law of the case that the Toscanos prevailed on every claim. *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). Crabb might—or might not—have been able to recover some amount of unpaid salary, retained earnings, or profit distributions. Regardless of the viability of that claim, the district court rejected Crabb's argument that the amount of appellate attorneys' fees should be adjusted based on the court's comment in its 2013 order—which was recognized as dicta at the time—that TEC Serv would owe Crabb $286,764.00 on a date which had yet to come. This reasoning is also applicable to the award of trial level attorneys' fees, and the district court did not abuse its discretion by not offsetting the award based on a claim that Crabb did not raise once it ripened.[5]

---

[5] Crabb also argues the district court should have allowed him time to respond to the Toscanos' objections to the magistrate judge's first R&R. Although Crabb was permitted by the local rules to file a response to the objections, the district court did not err in referring the matter back to the magistrate judge before the response time had run where the court considered our mandate, the pending motions, the R&R, and the entire record. *See* S.D. Fla. Mag. R. 4(b) (permitting any party to respond to another party's objections to an R&R within 14 days of being served with a copy thereof, or within such other time as may be allowed by the magistrate judge or district court).

Second, in referring the trial level attorneys' fees back to the magistrate judge, the district court explained the Toscanos were not required to file a new motion for fees and costs and that the court, not the Toscanos, should have acted on our remand order. Aside from the delay itself, Crabb offers no evidence to support his speculation the Toscanos intentionally waited to seek an award on attorneys' fees until the statute of limitations had run on Crabb's retained earnings claim so as to lure Crabb into not pursuing that claim. The district court's leniency in refusing to hold the delay against the Toscanos was not an abuse of discretion.

Accordingly, we **AFFIRM** the court's award of attorneys' fees and costs.